The Honorable Neely Cassady State Senator P.O. Box 1810 Nashville, AR 71852
Dear Senator Cassady:
This is in response to your request for an opinion regarding the DeQueen Chamber of Commerce's plans to renovate the old fire station which it recently purchased. Your specific question is as follows:
 Can the Chamber of Commerce act as its own general contractor in doing this renovation and be in compliance with state regulations?
I assume that this question is asked with reference to the various Arkansas Code provisions governing the licensing and bonding of "contractors." See A.C.A. §§ 17-22-101 — 409 (1987 and Cum. Supp. 1991). Sections 17-22-101 and -401 state in relevant part as follows:
 [W]hen a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property, such action shall not result in the person or entity being deemed a contractor under this chapter.
A.C.A. § 17-22-101(a) (Cum. Supp. 1991).
 [W]hen a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property or of a single-family residence, or if the cost of the work to be done, including, but not limited to, labor and materials, is less than twenty thousand dollars ($20,000), the person or entity shall not be deemed a contractor under this chapter.
A.C.A. § 17-22-401(b) (Cum. Supp. 1991).
Section 17-22-101(a) is part of the body of law governing the licensing of contractors, and Section 17-22-401(b) pertains to contractors' bonds. "Contractors," as defined under §§ 17-22-101
and -401, who fail to comply with the licensing and bonding requirements are subject to certain penalties. See, e.g.,
A.C.A. §§ 17-22-103 and -408 (Cum. Supp. 1991). As reflected in the above-quoted provisions, however, those who act as contractors in the construction, erection, alteration or repair of their own property are not deemed "contractors" for purposes of these requirements.
The Chamber of Commerce may, therefore, act as a contractor in altering or repairing its own property, and not be subject to the licensing and bonding requirements under A.C.A. §§ 17-22-101 to -409. It should be noted, however, that this only applies with respect to the Chamber as the owner of the property. A separate question may arise concerning the applicability of these requirements to others on the job.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh